# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN CUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-cv-6630 |
| | ) |
| QUALITY TERMINAL SERVICES, LLC, d/b/a | ) Judge Robert M. Dow, Jr. |
| Quality Terminal Services, Inc., a Colorado limited | ) |
| liability company, BURLINGTON NORTHERN | ) |
| SANTA FE CORPORATION, a Delaware | ) |
| corporation, and PSYCHEMEDICS | ) |
| CORPORATION, a Delaware corporation, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Burlington Northern Santa Fe Corporation's ("BNSF") motion for leave to file crossclaims against Defendant Psychemedics Corporation ("Psychemedics"). [91] For the reasons stated below, the Court grants BNSF's motion [91].

**I.    Background**

Plaintiff John Cutler ("Plaintiff") filed a first amended complaint [30] on March 27, 2009, alleging various federal and state law claims against Defendants Quality Terminal Services, LLC ("QTS"), Burlington Northern Santa Fe Railway Corporation ("BNSF"), and Psychemedics Corporation ("Psychemedics"). Plaintiff alleged that he submitted to a pre-employment drug test for BNSF, Psychemedics botched the test such that the results were erroneously positive, BNSF communicated the positive test results to Plaintiff's then-employer, QTS, and QTS consequently terminated Plaintiff's employment. Plaintiff asserts a claim of negligence against Psychemedics, and claims of defamation and tortious interference with a prospective business relationship against BNSF. BSNF filed an answer and affirmative defenses

on December 18, 2009 [58].  BNSF now seeks leave of the Court to amend its answer and file crossclaims against Psychemedics [91].

**II.     Analysis**

Federal Rule of Civil Procedure 13(g) provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action."  Fed. R. Civ. P. 13(g). Rule 13(g) does not impose any time limitations on the filing of cross claims.  *Id.*  Thus, "once the parties have filed their initial pleadings, any motion to amend those pleadings and file a cross-claim must be made pursuant to Federal Rule of Civil Procedure 15 * * *."  *Tragarz v. Keene Corp.*, 980 F.2d 411, 431 (7th Cir. 1992).

Rule 15(a) instructs a district court to freely grant parties leave to amend when justice so requires.  Fed. R. Civ. P. 15(a);  see also *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)).  Courts must exercise their discretion under Rule 15(a) to "liberally grant permission to amend pleadings" absent certain factors.  *Sides v. City of Champaign*, 496 F.3d 820 (7th Cir. 2007).  Those factors include:  (1) whether there has been any undue delay on the part of the moving party; (2) whether the moving party has acted in bad faith; (3) whether there existed any dilatory motive on the part of the moving party; (4) whether the moving party has failed repeatedly to cure deficiencies by previously allowed amendments; (5) whether any undue prejudice to the opposing party might result; and (6) whether it would be futile to amend the pleading.  *Id.* (citing *Foman v.* Davis, 371 U.S. 178, 182 (1962)).

BNSF's proposed crossclaims assert that Psychemedics must indemnify BNSF in accordance with the Laboratory Services Agreement ("the Agreement") that Psychemedics had with BNSF. The Agreement provided that Psychemedics would indemnify and procure insurance in the event of any fines, penalties, losses, costs, and expenses that might arise in the event that Psychemedics is liable for negligence in the performance of the services required under the Agreement. BNSF contends that its proposed crossclaims are directly related to and arise out of the same matters at issue in Plaintiff's complaint, and that the interests of judicial economy therefore weigh in favor of granting its motion. BNSF further contends that no countervailing concerns weigh against granting the motion as the parties will not suffer delay, prejudice, or other encumbrances should BNSF be permitted to file the crossclaim.

In its response, Psychemedics asserts that BNSF's motion should be denied for two reasons: (1) BNSF unreasonably delayed in filing the instant motion; (2) the proposed crossclaims would be futile. First, Psychemedics alleges that BNSF unreasonably delayed in filing the instant motion and that Psychemedics consequently would suffer undue prejudice should the motion be granted. Psychemedics notes that Plaintiff's first amended complaint was filed more than 20 months ago, and that the parties have engaged in and completed significant discovery in the interim. Psychemedics contends that the proposed crossclaims would require additional discovery in order "to allow Psychemedics an adequate opportunity to defend itself" against the allegations made therein. [See 94, at 2] Psychemedics also argues [*id.*] that granting BNSF's motion would "disturb the current trial setting" and "prolong any resolution of the claims" beyond the December 2010 trial date anticipated in the partise' First Amended Jonit StatusReport [66].

BNSF counters that it formally demanded indemnification and insurance from Psychemedics pursuant to the Agreement on April 9, 2010, and that Psychemedics ignored the demand for more than seven months, essentially forcing BNSF to file the instant motion. BNSF also states that discovery has yet to be completed in the underlying claim, and that any discovery necessitated by the proposed crossclaims could be completed during the same time frame as that remaining to be done in the underlying claim. Accordingly, BNSF contends, the trial date is unlikely to be affected. BNSF suggests that if the crossclaims were to delay trial on Plaintiff's underlying claims, the crossclaims could be severed. Finally, BNSF states that Psychemedics has not alleged that it would suffer any prejudice beyond that which would result from extending the time period of discovery or delaying trial.

The Court concludes that BNSF did not unreasonably delay in filing the instant motion in light of its request to Psychemedics less than one year ago (which BNSF alleges met with no response) that Psychemedics indemnify BNSF. See *Foman*, 371 U.S. at 182 (citing factors to consider in deciding a motion for leave to amend). Psychemedics has not alleged that BNSF acted in bad faith or pursuant to a dilatory motive, or that BNSF has repeatedly failed to assert the crossclaims in prior proposed amendments. See *id.* The Court agrees with BNSF that Psychemedics has not shown that it would suffer prejudice should the motion be granted. See *id.* Rather, Psychemedics merely argues that excessively prolonged discovery or delay of the underlying trial would be prejudicial. Given BNSF's assurances that the proposed crossclaims would result in only limited discovery additional to that which remains on the underlying claim, and given that the trial is unlikely to be postponed, or that the claims could be severed if it appeared that delay was inevitable, the Court finds that Psychemedics would not be unduly prejudiced should it grant BNSF's motion.

Psychemedics next argues that the proposed counterclaims should be dismissed as futile. See *Sound of Music Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (holding that a court may deny a motion for leave to amend if the amendment would be futile); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974-975 (7th Cir. 2001) (holding that a new claim is considered futile if it would not withstand a motion to dismiss). The Agreement requires Psychemedics to indemnify BNSF for all fines, penalties, losses, costs, or other expenses resulting from Psychemedics' negligence in performing its contractual duties. Psychemedics contends that the proposed crossclaims are futile because there are no fines or penalties at issue in the underlying lawsuit and because the Agreement provides for indemnification only in the event of a *finding* of negligence. Psychemedics argues that because a trier of fact has yet to make a finding of negligence, BNSF's proposed crossclaims "are premature at best."

Psychemedics appears to acknowledge the relevance of the crossclaims to the underlying claims: the trier of fact must determine whether Psychemedics is liable under the negligence theory in the underlying case. There is no reason to require BNSF to file a separate suit to seek recovery based on the same conduct at issue in the instant case. Thus, upon consideration of the *Foman* factors and the general mandate that courts liberally construe Rule 15(a), as well as in the interests of judicial economy and the standard set out in Rule 13(g), the Court grants BNSF's motion for leave to file crossclaims against Psychemedics.

## III. Conclusion

For the foregoing reasons, the Court grants BNSF's motion [91] for leave to file the proposed counterclaim.

Dated: January 12, 2011
_____
Robert M. Dow, Jr.
United States District Judge